MARGARET ANN ALLEN, Respondent, v. DAVID ALLEN, Appellant.

*Appeal from St. Louis Court of Common Pleas.*

*Voorhis* and *Sharp*, for respondent.

*H. N. Hart*, for appellant.

BAY, Judge, delivered the opinion of the court.

Plaintiff, on the 3d of September, 1855, filed in the St. Louis court of common pleas her petition for divorce and alimony, alleging therein that she was married to defendant in the year 1839, in the State of Ohio, and removed with him in 1850 to St. Louis, where they have since resided. That on divers occasions during the eighteen months immediately preceding the filing of the petition, defendant treated plaintiff in the most inhuman and brutal manner, frequently charging her with being a lewd and abandoned woman, forcibly ejecting her from her room, and, upon one occasion, from his house; that said treatment was of such a character as to render her condition in life intolerable. The petition also charges drunkenness, and further states that there are four children by the marriage living, aged respectively fourteen, eleven, six and two years, and that defendant is the owner of and in possession of property in the county of St. Louis, of the value of ten or twelve thousand dollars, besides having about three thousand dollars in money. The allegations in the petition with respect to cruel and barbarous treatment and drunkenness are specifically denied in the answer, and defendant, by way of cross-bill, charges plaintiff with bringing her sisters to reside in his family against his wishes, and with conspiring with said sisters to annoy, vex and harrass him, so that his condition became intolerable. Also, that plaintiff, about the 1st of June, 1854, abandoned the bed of defendant, and in 1855 left his house, and has since refused to live with him.

The court below found for the plaintiff, decreeing her a divorce and the custody of the children, and requiring the defendant to pay her annually the sum of four hundred dollars for her maintenance and alimony, and for the maintenance of her children.

Upon the trial no question of law was raised, and it does not appear from the record that any exception was taken to any ruling of the court. The only question, therefore, which we are called upon to decide is, whether the testimony warrants the finding of the court below.

The record of the evidence is very voluminous, embracing upwards of one hundred pages of manuscript, and upon a careful and patient examination of it, we are forced to the conclusion that it is amply sufficient to support the judgment and decree rendered in the cause. Independent of the testimony of the sisters of plaintiff, it is clearly shown by credible and disinterested witnesses that plaintiff is an industrious and exemplary woman ; that defendant had become very intemperate, and while under the influence of liquor treated his wife in a cruel and barbarous manner, sometimes ejecting her from his premises, at other times using towards her the most vulgar and offensive language, imputing to her among other things a want of virtue and chastity, without the slightest foundation whatever for such a charge. Every witness who knew her gives her a most excellent character as a wife and mother. The evidence, in our opinion, fully sustains the allegations in plaintiff's petition, and we see no reason to disturb the finding and decree of the court below.

The judgment will be affirmed, the other judges concurring.